No. 15-3999

**IN THE**

**UNITED STATES COURT OF APPEALS**

**FOR THE SIXTH CIRCUIT**

ABERRY COAL INC., et al,

*Petitioners,*

v.

JOSEPH FLEMING;
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR

*Respondents,*

ON PETITION FOR REVIEW OF AN ORDER OF THE BENEFITS REVIEW
BOARD, UNITED STATES DEPARTMENT OF LABOR
(14-0329 BLA)

**RESPONSE BRIEF OF RESPONDENT**

Joseph E. Wolfe
Wolfe Williams & Reynolds
470 Park Avenue
P.O. Box 625
Norton, VA 24273
Telephone: (276) 679-0777

**Counsel for Joseph Fleming**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations
# and Financial Interest

Sixth Circuit
Case Number: 15-3999                     Case Name: Aberry Coal, Inc, et al v Joseph Fleming

Name of counsel:  Joseph E. Wolfe

Pursuant to 6th Cir. R. 26.1, Joseph Fleming
                                                    *Name of Party*

makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the
      identity of the parent corporation or affiliate and the relationship between it and the named
      party:

> No

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest
      in the outcome?  If yes, list the identity of such corporation and the nature of the financial
      interest:

> No

---

### CERTIFICATE OF SERVICE

I certify that on _____ March 25, 2016 _____ the foregoing document was served on all
parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not,
by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/Joseph E. Wolfe
P.O. Box 625
Norton VA  24273

---

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs,
immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

# **TABLE OF CONTENTS**

I.     STATEMENT IN SUPPORT OF ORAL ARGUMENT . . . . . . . . . . . . . . 1

II.    JURISDICTIONAL STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.   STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V.     SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VI.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

       A. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . : . . . 10

       B. Judge Solomon's decision regarding the length of coal mine
          employment was within his discretion under the APA and supported
          by substantial evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

VII.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

       CERTIFICATE OF COMPLIANCE

       CERTIFICATE OF SERVICE

# **TABLE OF AUTHORITIES**

## **CASES**

*Appalachian Coal Co. v. Adkins,*
468 Fed. Appx. 331, 335 (4th Cir. 2012)(unpub.) . . . . . . . . . . . . . . . . . . . . . . . . 14

*Big Branch Res., Inc. v. Ogle,*
737 F.3d 1063, 1069-70 (6th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Calfee v. Director, OWCP,*
8 BLR 1-7 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23

*Consol. Edison Co. of New York v. N.L.R.B.,*
305 U.S. 197 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Creek Coal Co., Inc. v. Bates,*
134 F.3d 734, 737 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cross Mountain Coal, Inc. v. Ward,*
93 F.3d 211, 218 (6th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Fields v. Island Creek Coal Co.,*
10 B.L.R. 1-19 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Gray v. SLC Coal Co.,*
176 F.3d 382, 387 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Harman Mining Company v. Director, OWCP [Looney],*
678 F.3d 305 (4th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24, 25

*Harris v. Old Ben Coal Co.,*
23 B.L.R. 1-98 (2006)(en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Island Creek Ky. Mining v. Ramage,*
737 F.3d 1050, 1062 (6th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Lane Hollow Coal Co. v. Director, OWCP,*
137 F.3d 799 (4th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Mabe v. Bishop Coal Co.,*
9 BLR 1-67 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Marx v. Director, OWCP,*
870 F.2d 114 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*McCain v. Dir., OWCP,*
58 F.App'x 184, 193 (6th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*McKamey v. River Basin Coals, Inc.,*
187 F.3d 636 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Milburn Colliery Co. v. Hicks,*
138 F.3d 524 (4th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Peabody Coal Co. v. Hill,*
123 F.3d 412, 415 (6th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Peabody Coal Co. v. Odom,*
342 F.3d 486, 489 (6th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Piney Mountain Coal Co. v. Mays,*
176 F.3d 762 (4th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Sisak v. Helen Mining Co.,*
7 BLR 1-178, 1-181 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Smith v. National Mines Corp.,*
7 B.L.R. 1-803 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Southard v. Director, OWCP,*
732 F.2d 66, 71 (6th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sterling Smokeless Coal Co. v. Akers*,
131 F.3d 438 (4th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Tackett v. Cargo Mining Co.*,
12 BLR 1-11, 1-14 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Tussey v. Island Creek Coal Co.*,
982 F.2d 1036, 1042 (6th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Twin Pines Coal Co. v. U.S. Dep't of Labor*,
854 F.2d 1212 (10th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 24

*Vickery v. Director, OWCP*,
8 B.L.R. 1-430 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Wensel v. Dir., Off. of Workers' Compen. Programs, U.S. Dept. of Lab.*,
888 F.2d 14, 17 (3d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*White v. Newport News Shipbuilding & Dry Dock Co.*,
633 F.3d 1070 (4th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Youghiogheny & Ohio Coal Co. v. Webb*,
49 F.3d 244, 247 (6th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**STATUTES**

**Black Lung Benefits Act**
**30 U.S.C §§901-944**

30 U.S.C. §§901-944 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

30 U.S.C. §921(c)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 22

30 U.S.C. §932(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 35

**Longshore and Harbor Workers' Compensation Act**
**33 U.S.C. §§901-950**

33 U.S.C. §921(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**REGULATIONS**

20 C.F.R. §725.101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I.   REQUEST FOR ORAL ARGUMENT

Respondent Joseph Fleming, pursuant to Local Rule 34(a), does request the Court to hear oral argument to resolve the issues presented on this appeal. Mr. Fleming believes oral argument will assist the Court in resolving the issues presented.

## II.  <u>JURISDICTIONAL STATEMENT</u>

This appeal arises from a Decision and Order issued by the Benefits Review Board ("BRB" or "the Board"), United States Department of Labor, under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, most commonly known as the Black Lung Benefits Act ("BLBA"), 30 U.S.C. §§901-44. This Court has authority to review decisions issued by the Board pursuant to 33 U.S.C. §921(c), as incorporated by Section 422(a) of the BLBA, 30 U.S.C. §932(a).

The Board issued a Decision and Order on July 31, 2015 affirming the Decision and Order Awarding Benefits issued by the Administrative Law Judge ("ALJ") Daniel Solomon on May 19, 2014. *Appendix of Petitioners* ("*App.*") 1, 780. Aberry Coal Incorporated ("Employer") filed a Petition for Review with the Sixth Circuit Court of Appeals on September 15, 2015. *App.* 20. Mr. Joseph Fleming last worked as a coal miner in the Commonwealth of Kentucky. Thus, jurisdiction is properly before this Court.

## III.    <u>STATEMENT OF THE ISSUES</u>

1. **Whether Judge Solomon's finding regarding the presence of pneumoconiosis is rational, supported by substantial evidence, and in accordance with the law.**

## IV.    STATEMENT OF THE CASE

Mr. Joseph Fleming ("Mr. Fleming") filed the current claim for benefits on August 16, 2010.[1] *App.* 558. The District Director issued a Proposed Decision and Order Award of Benefits on September 20, 2011, and Aberry Coal Incorporated, ("Employer") requested a formal hearing. The case was assigned to the Honorable Judge Daniel Solomon, who issued a Decision and Order Award of Benefits on January 24, 2013. *App.* 706.

Calculating the length of Mr. Fleming's coal mine employment, the judge acknowledged the Director's finding of 9.25 years but also considered Mr. Fleming's position that he was an underground miner for 18 years. *Id.* Mr. Fleming testified at the formal hearing that he did not believe that his Social Security Earnings Records properly documented the extent of his coal mine employment. *Id.* Judge Solomon found Mr. Fleming credible in that he spent at least fifteen years employed as an underground coal miner. *Id.*   Judge Solomon invoked the rebuttable presumption at 30 U.S.C. §921(c)(4) based on the length of Mr. Fleming's coal mine employment, and Employer's stipulation that he suffers from a totally disabling respiratory impairment. *Id.*

---

[1] The Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 1556 (2010) (Hereinafter "ACA") was signed into law on the 23rd of March, 2010.

4

Judge Solomon first considered the x-ray evidence to determine whether Employer rebutted the presumption that Mr. Fleming suffers from pneumoconiosis. Considering the readings by the dually-qualified physicians, Judge Solomon found the x-ray evidence, when counting heads, is in "equipoise." *App.* 706. The ALJ found the readings of Fleming's digital x-ray to be in opposition of each other based on readings by two dually qualified physicians. *Id.* Considering the x-ray readings in the entirety, the judge found Dr. Scott's reading of Fleming's March 28, 2012 film to be equivocal, and found the x-ray evidence overall "sufficient to establish clinical pneumoconiosis."[2] *Id.* Judge Solomon afforded reduced weight to Dr. Caffrey's biopsy report based on the age of this study, and found the medical opinions of Drs. Rosenberg and Dahhan to be contrary to the x-ray findings of clinical pneumoconiosis. Finally, the ALJ afforded reduced weight to the disability causation opinions of Drs. Dahhan and Rosenberg for failing to diagnose Mr. Fleming with clinical coal workers' pneumoconiosis. *Id.* Judge Solomon found Mr. Fleming entitled to an award of benefits based on Employer's failure to rebut the presumption at 30 U.S.C. §921(c)(4).

Employer appealed Judge Solomon's Decision and Order to the Board and submitted a Petition for Review and brief on April 8, 2013. *App.* 716. The Board

---

[2] Judge Solomon found Dr. Alexander offered the most persuasive opinion regarding the presence of pneumoconiosis. *ALJ D&O*, 7.

issued a Decision and Order on December 17, 2013 affirming in part and vacating in part and remanding back to the administrative law judge for further consideration. *App.* 742. The Board found the ALJ failed to adequately explain the method he used to compute Mr. Fleming's length of coal mine employment and remanded the case.

Judge Solomon then issued a Decision and Order on Remand awarding benefits dated May 19, 2014. *App.* 780. Judge Solomon again determined Mr. Fleming was a miner for more than fifteen years but this time supplied a 5 1/2 page single-spaced explanation for his calculation. The ALJ again invoked the rebuttable presumption and again found Mr. Fleming was entitled to an award of benefits.

Still dissatisfied, Employer again appealed Judge Solomon's Decision and Order to the Board. *App.* 788. Employer believed Judge Solomon erred in his determination that Mr. Fleming was an underground coal miner for at least fifteen years. Employer also argued the ALJ erred in his finding that Employer failed to rebut the presumption that Mr. Fleming suffers from coal workers' pneumoconiosis and that Employer failed to rebut disability causation. The Board, however, did not agree and issued a Decision and Order affirming Judge Solomon's determinations on July 31, 2015. *App.* 1.

Mr. Fleming submits the following as his response to Employer's Petition for Review and in support of his position that this Court must *affirm* Judge Solomon's Decision and Order on Remand awarding benefits. Substantial evidence supports the ALJ's findings in this case and Judge Solomon's method of computation regarding Mr. Fleming's length of coal mine employment was rational and in accordance with applicable law. Employer's arguments are entirely without merit and must be rejected by this Court.

## V.   <u>SUMMARY OF THE ARGUMENT</u>

Employer's argument boils down to a request for this Court to substitute its inferences for the credibility determinations made by the Administrative Law Judge. However, in this case, the ALJ's findings are rational, supported by substantial evidence, and in accordance with law. Therefore, the Board upheld the decision and likewise this Court must *affirm* the Judge's findings.

Contrary to Employer's arguments, the ALJ properly considered all of the evidence in this case and concluded that evidence established at least fifteen years of coal mine employment. The Judge, within his discretion, reviewed the evidence before him and resolved the conflicting evidence in the record. After reviewing Judge Solomon's opinion and Employer's previous arguments, nothing about the determinations was found to be improper and Employer's arguments materially mischaracterize both Judge Solomon's and the Board's analysis with regard to it.

Employer maintains its position that Mr. Fleming did not establish at least fifteen years of coal mine employment and does not qualify for benefits as a result. Employer argues that Judge Solomon's explanations are insufficient, that he improperly credited Mr. Fleming's testimony, and that he failed to explain the methods he used to calculate the length of coal mine employment. Employer accuses Judge Solomon of supporting his findings with conclusory statements and of generally fabricating facts to bolster his determination. Employer believes the

8

ALJ erred in his consideration of the evidence and in his explanations for his findings in this claim and as such should be remanded. These arguments are completely unfounded, however, since Judge Solomon provided a more than thorough explanation of his determination in over five pages of discussion on this issue. The Board also agreed that prior faults with Judge Solomon's determinations had been sufficiently fixed, such that his determination of more than fifteen years coal mine employment was affirmed. Since substantial evidence supports the ALJ's credibility determinations, this Court must *affirm* the award of benefits in this case.

# VI.   **ARGUMENT**

## A.    **STANDARD OF REVIEW**

This Court reviews the legal findings of the Administrative Law Judge and Benefits Review Board *de novo. Creek Coal Co., Inc. v. Bates*, 134 F.3d 734, 737 (6th Cir. 1997). This Court has jurisdiction to correct errors of law and ensure that the Board "adhered to the substantial evidence standard" when it reviewed the findings of the Administrative Law Judge. *Id*. More specifically, the decision of the ALJ's are reviewed "to determine whether it is supported by substantial evidence and is consistent with applicable law." *Peabody Coal Co. v. Odom*, 342 F.3d 486, 489 (6th Cir. 2003).

"Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. N.L.R.B.,* 305 U.S. 197, 229 (1938). When evaluating the evidence of record, this Court "should not reweigh the evidence or substitute" its judgement for that of the Administrative Law Judge. *Gray v. SLC Coal Co.*, 176 F.3d 382, 387 (6th Cir. 1999). If the Administrative Law Judge's "conclusion is supported by the evidence" this Court "will not reverse, even if the facts permit an alternative conclusion." *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 247 (6th Cir. 1995).

10

The Court defers to the ALJ's determinations of credibility and the weight assigned to the medical opinions. *Big Branch Resources, Inc. v. Ogle*, 737 F.3d 1063, 1072 (6th Cir. 2013). "This deference extends to whether a medical opinion is well-reasoned – a determination ordinarily left to the ALJ." *Id.*; *see also Island Creek Kentucky Min. v. Ramage*, 737 F.3d 1050, 1059 (6th Cir. 2013). However, the judge is not required "to accept the opinion or theory of any medical expert," but instead is permitted to "weight the evidence and draw his own inferences" from it. *McCain v. Dir., OWCP*, 58 F.App'x 184, 193 (6th Cir. 2003).

"Finally, when dealing with a claim for benefits, we keep in mind that the Black Lung Benefits Act is remedial in nature and must be liberally construed 'to include the largest numbers of miners as benefit recipients.'" *Peabody Coal Co. v. Hill*, 123 F.3d 412, 415 (6th Cir. 1997) (*citing Tussey v. Island Creek Coal Co.*, 982 F.2d 1036, 1042 (6th Cir. 1993) (*quoting Southard v. Director, OWCP*, 732 F.2d 66, 71 (6th Cir. 1984))). Accordingly, the judges have "broad discretion in dealing with procedural matters, including the submission of evidence." *McKamey v. River Basin Coals, Inc.*, 187 F.3d 636 (6th Cir. 1999).

11

**B.    JUDGE SOLOMON'S DETERMINATION REGARDING THE LENGTH OF EMPLOYMENT WAS RATIONAL, SUPPORTED BY SUBSTANTIAL EVIDENCE, AND IN ACCORDANCE WITH THE LAW.**

Employer argues Judge Solomon erred in finding Mr. Fleming spent at least fifteen years employed as an underground coal miner. *Petitioner's Brief* ("*Pet.*") at 16-21. Employer accuses Judge Solomon of ignoring evidence relevant to Mr. Fleming's employment history and "refus[ing] to consider numerous portions of the record that were discussed in the employer's closing argument brief that preponderated against a finding of 15 or more years of qualifying coal mine employment." *Id.* at 17-18. Employer argues that what explanation Judge Solomon did provide was insufficient, that he improperly credited Mr. Fleming's testimony as establishing employment time, and that he failed to explain how he arrived at his decision or the methods he used in arriving at the decision. *Id.* at 18-20.

Employer once again argues that the record does not support the ALJ's calculations. *Id.* To support this argument, Employer claims that Judge Solomon made "conclusory statements," and that he arrived at a "mathematically impossible" conclusion when crediting Mr. Fleming with fifteen years of coal mine employment. *Id.* at 21, 24. However, Employer's arguments must be rejected because the ALJ's determination that Mr. Fleming spent over fifteen years

12

employed as an underground coal miner is based on all the evidence of record, and in accordance with controlling authority.

The Black Lung Benefits Act does not provide specific guidance for determining the length of a miner's employment. As such, this Court will uphold an ALJ's determination with respect to the length of coal mine employment if based on a reasonable method that is supported by substantial evidence. *Vickery v. Director, OWCP*, 8 B.L.R. 1-430 (1986); *Smith v. National Mines Corp.*, 7 B.L.R. 1-803 (1985). "While a person's social security records are proof of particular employment," an ALJ errs in assuming "the absence of social security records for some years" proves Mr. Fleming was not employed as a coal miner. *Wensel v. Dir., Off. of Workers' Compen. Programs, U.S. Dept. of Lab.*, 888 F.2d 14, 17 (3d Cir. 1989) (*citing Marx v. Dir., Off. of Workers' Compen. Programs, U.S. Dept. of Lab., Benefits Rev. Bd.*, 870 F.2d 114 (3d Cir. 1989)). "The dates and length of employment may be established by any credible evidence including (but not limited to) company records, pension records, earnings statements, coworker affidavits, and *sworn testimony*." 20 C.F.R. § 725.101 (emphasis added). The ALJ's determination of a witness's credibility is entitled to deference. *See Cross Mountain Coal, Inc. v. Ward*, 93 F.3d 211, 218 (6th Cir. 1996). Courts uphold an ALJ's reliance on a miner's sworn testimony regarding length of coal mine

employment, because testimony is an appropriate evidentiary source. *See Appalachian Coal Co. v. Adkins*, 468 Fed. Appx. 331, 335 (4th Cir. 2012)(unpub.).

In this case, Judge Solomon determined Mr. Fleming worked for at least fifteen years as a coal miner after considering his earnings record, application, sworn testimony, and the calculations obtained by the Director and Employer. *App.* 781-84. On remand, the ALJ provided a detailed explanation of his calculations and fully considered both Mr. Fleming's and Employer's arguments. As noted by Judge Solomon "this is not the first time that a miner has alleged that not all of his wages were properly credited" and "the records are not necessarily dispositive." *App.* 784. In this case, Judge Solomon specifically provided:

> Although I note Employer's argument, I find that the Department of Labor [. . .] method is more reasonable than Employer's method. However, I listened to the testimony, and I had an opportunity to observe the Claimant and I found that he is credible, and the DOL did not take his allegations into consideration.

*App.* 784. It is well-established that an administrative law judge's credibility determination is entitled to deference, *Ward*, 93 F.3d at 218, and this Court should defer to the ALJ's credibility determination in this case.

Furthermore, on remand, Judge Solomon elaborated on his approach in finding Mr. Fleming was an underground miner for over fifteen years. The ALJ noted:

At the hearing and on Claimant's application, Claimant stated he worked 18 years as an underground miner. Claimant testified he "did just about everything from shoveling ribs to the last few years, [and] ran a continuous miner for Mr. Aberry Coal Company." (Transcript, "TR" 11). The District Director made a preliminary finding that Claimant spent 9.25 years employed as a coal miner from 1970 until 1991. (DX 25). At the hearing, Claimant speculated that the discrepancy in the Department of Labor and Claimant's records is explained by "somebody wasn't turning in [his] wages." (TR 15). Claimant testified he worked in the coal mines from 1970 until about August or September of 1991. *(Id.* at 15).

The period in question covers more than a twenty year period. Claimant admitted there were periods of employment where he was injured which prevented him from working. *(Id.)* In one period he was unable to work for about a year due to an injury, and there were a few other periods on account of his back injury. *(Id.)* During another period, Claimant spent one year in Florida in construction jobs. *(Id.* at 16-18). Claimant testified there were no long strikes during his employment. *(Id.)*.

The Social Security Earnings Record indicates that he worked for Peem Coal Co. in 1970; Clark Super 100 in 1970; Chevron USA Inc. in 1970; High Point Coal Company in 1971; Archer & Club Coal Co. Inc. in 1971; POM Corp from 1971 until 1972; Brownlee-Kesterton Inc. in 1972; Atlantic Gulf Communities Corp. from 1972 until 1973; Atlantic Condominiums Inc. in 1972; Officemax Incorporated in 1972; William H. Hensick & Sons Inc. in 1973; A&E Coal Co in 1973; Governor Elkhorns Coal Company Inc. in 1973; Scotia Coal Co. from 1974 until 1977; Scotia Employees Association in 1975 and 1977; Elkhorn & Jellico Coal Co Inc. in 1978; Branham & Baker Coal Co. Inc. in 1978; Johnson & Sons Coal Co. Inc. in 1978; Ancoal Mining Corporation in 1979; Action Enterprises Inc. from 1979 until 1980; Paramount Mining Corporation in 1980; Sullivan Brothers Inc. in 1980; Everidge & Nease Coal Co. Inc. in 1985; Uniforce Staffing Services Inc. in 1987; UN F Services Inc. in 1988; Wampler Brothers

Coal Co. Inc. from 1988 until 1989; Aberry Coal Inc. from 1989 until 1991. (DX 7)

> Claimant testified regarding each of these employers. He said he worked for Peem Coal Company in 1970 and stated "I know I was there close to a year." (TR at 24) The earnings record shows Claimant only earned $72.00 in 1970. (DX 07). Claimant next testified he worked for High Point Coal Company in 1971. (TR at 24). Claimant only earned $57.50 according to the earnings record although he testified he '"worked there almost a year." (DX 07: TR at 25) Claimant was asked about his coal mine employment with Archer and Club Coal Company where earnings records indicated he only made $200.00. (TR at 26; DX 07). However, Claimant testified: '"I worked there for about a year, maybe longer." (TR at 26). Next, Claimant was asked about the records which showed earnings from T.O.M. Corporation in Ann Arbor, Michigan. (Id.) Claimant testified his work was not in Ann Arbor, but the Corporation in Ann Arbor was the parent corporation of Eastern Kentucky Coal Company. (Id.) Claimant's earnings from this corporation establish at least one year of employment. Claimant's testimony of working with Brownly Ketterson, Inc, A & E Coal Company, and Governor Elkhorn's along with his earnings record establishes one year of Employment during this period. (Id. at 26-27). Claimant's Employment with Scotia Employees Association in 1974 brings his total to five years of employment. (DX 07).

*App.* 781-82. Although Employer believes the ALJ ignored its arguments as well as the record, Employer's position is simply inaccurate. In fact, Judge Solomon fully addressed Employer's argument:

> For example, I am advised by Employer that Claimant shows no earnings from coal mine employers in 1972. Claimant should receive no credit for the year 1972. Claimant shows earnings from General Development Corporation of Miami, Florida in the first two quarters

16

of 1973. He testified to living in Florida for a one year period doing construction. It can be appreciated that he did not perform coal mine work during this time. Claimant can, at most, be credited with one half year coal mine employment for the year 1973. Claimant shows no earnings from coal mine employment in the first quarter of 1974. Claimant can, at most, be credited with three-quarters of a year coal mine employment in 1974. Claimant shows earnings in each period of the years 1975 and 1976. At most, Claimant can be credited with one year of employment for each of those two years. Claimant shows no earnings from coal mine employment in the final quarter of 1977. Claimant can, at most, be credited with three-quarters of a year of coal mine employment for 1977 ... Accordingly, based upon the SSER, the Claimant can be credited with no more than 4.75 years of coal mine employment for the time period from 1970 through 1977. The employer notes that it would be generous to credit Claimant with the full 4.75 years for this time period, as he shows earnings of less than $100.00 in several of those quarters."

*App.* 782 n. 1. The ALJ also noted the following with regard to Employer's argument:

Again, Employer asks me to credit only those periods when earnings are recorded in the Social Security records. Employer submits that using its method, the Claimant worked only 5.3 years. I am directed to testimony that Claimant believed the SSER may have understated his earnings from Peem Coal Company, Highpoint Coal, Archer & Clubb Coal, and A&E Coal. (Tr. at 24, 25, 26, 27). I am reminded that when asked whether he might be mistaken regarding his recollection of his employment with those companies, Claimant stated, "It very well could be." (Tr. at 32). Further, regarding his memory surrounding his history of employment as a miner, Claimant stated, "I had these wrote down and I worked real hard. I'm not the sharpest tool in the shed as the old saying goes, but I worked real hard to get these as accurate as I possibly could, but not having any documentation, there was no way I could tell you 100 percent sure about any of them." (Tr. at 33).

17

Employer argues that by his own admission, Claimant is not a reliable source regarding his employment history. Employer argues that the Board has regularly upheld decisions to afford more weight to the Social Security records than to Claimant testimony where the testimony was unclear.

Employer maintains that even if Claimant's testimony was not unreliable on its face, as impeachment, Employer argues that Claimant's hearing testimony that he last worked in August or September of 1991 is contradicted by his previous statements that he quit working in April of 1991. I am also directed to November 1, 1994 Form CM-911 a (DX 1.2) January 6, 1995. Deposition of Claimant (DX 1.31 at 3).

Further, Employer argues that even if Claimant's testimony that some employers may not have reported earnings is true, "it is too vague to justify adding any years of employment to his employment history. While Claimant suggested the possibility that the SSER may not reflect his full earnings, he was unable to state which earnings were not accurately recorded at hearing." The burden is on the Claimant to establish coal mining employment in excess of 15 years, and he has failed to provide any evidence that he was employed as a miner for more than the 9.25 years credited to him by the DOL.

*App.* 782-83. However, after fully considering Employer's argument, Judge Solomon, within his discretion, did not accept it. Instead, Judge Solomon reasonably provided the following explanation in his continued calculation:

Claimant allegedly continued working for Scotia Employees Associates from 1975 to 1977 which establishes three more years of employment. *(Id.)* Claimant 's employment with Elkhorn Jellico Coal Company in 1978 establishes an additional year of employment. *(Id.)* In 1979 and 1980, Claimant 's earnings and his testimony show that between Johnson and Sons Coal, Ann Coal Mining & Action Energies and Paramount, he is able to establish an additional year and one-half.

18

*(See* DX 7) Thus, Claimant is able to establish over ten years of coal mine employment.

Finally, Claimant's earnings with Everidge & Neece Coal and Wampler establish an additional three years and his Employment with Asberry Coal from 1989 through 1991 establish another three years of employment. (DX 7)

The Benefits Review Board advises me that I did not explain how I resolved the conflict between my determination that Claimant 'is not a good historian' and a crediting of Claimant's testimony, nor did I address the significance of Claimant's statement that he could not identify which employer failed to withhold Social Security taxes.

The Board also noted "the administrative law judge apparently credited claimant with one year of coal mine employment in 1970, although the SSERs show no such earnings until the third quarter." *(Id.)* Employer asks me to defer to the Social Security record and disregard testimony. Claimant stated: "I know I was there [at Peem Coal Company] close to a year." (TR 24).

Claimant argues that it is entirely within my discretion to find Claimant's statement credible and find that he established one year of coal mine employment based on this testimony. I agree. I find that Claimant is credible. Claimant argues that even if he "is not a good historian" his testimony may still be credible. I agree that I do not find that the testimony was conflicting or inaccurate. I accept that Claimant may have struggled to remember how much money he earned at a job he worked over forty years ago, but this does not discredit his testimony if he remembers how long he worked at a particular coal mine site. I note that there is evidence on the last date that he worked from the prior record, but Claimant was not confronted with it at hearing. Moreover, I find that it is not crucial to a credibility determination as more importantly, that evidence is twenty years old and I note that with time, memory may recede.

19

> Although Claimant may not be 100% sure of all of the details, I accept that he is accurate that he was not always paid "on the books." I accept that Claimant is correct that some of his employers did not generate Social Security records. I reject the argument that Claimant's memory and testimony is too vague, and find that to a reasonable degree of probability, he is to be believed.

*App.* 783-84.

Employer obviously believes the ALJ is required to accept its proposed method for calculating Mr. Fleming's length of coal mine employment. But the ALJ's determination that Mr. Fleming's testimony along with the earnings records establishes that he spent over fifteen years employed as a coal miner must be affirmed. The ALJ's analysis reflects proper consideration and gives credit to Mr. Fleming's testimony. The ALJ also was not compelled to adopt the contrary calculation obtained by Employer. Employer's calculation was based solely on Mr. Fleming's reported wages, which are averaged by the average wages for miners each year. The ALJ found the Director's calculation to be more reasonable, but noted that the Director did not have the advantage of considering Mr. Fleming's sworn testimony. Ultimately, Judge Solomon considered Mr. Fleming's employment over a twenty year period and concluded "the records do not substantiate that he was out of work as long as six years due to workers' compensation related injuries." *App.* 784. Judge Solomon noted that "the District Director accurately found 9.2 years of coal mine employment" and "I find that the

Mr. Fleming is credible that he actually worked more than that." *App.* 785. "Although I do not accept that he worked 18 years, I accept that he worked more than 15 years in mining. All of the work was underground." *Id.*

The Board, after reviewing the decision issued by Judge Solomon on remand, affirmed the determination regarding the length of Mr. Fleming's coal mine employment. *App.* 7. In explaining its reasoning the Board stated that:

> [b]ecause the administrative law judge acted within his discretion in crediting claimant's testimony that 'he worked more than [fifteen] years in mining,' Decision and Order on Remand at 5; *see Mabe v. Bishop Coal Co.*, 9 BLR 1-67 (1986); *Sisak v. Helen Mining Co.*, 7 BLR 1-178, 1-181 (1984), we reject employer's assertion that the administrative law judge failed to adequately explain how he computed the length of claimant's coal mine employment. Moreover because it is supported by substantial evidence, we affirm the administrative law judge's finding that claimant established over fifteen years of qualifying coal mine employment.

*App.* 7. The Board clearly felt the issues that previously existed with Judge Solomon's opinion in his original decision had been corrected. Since the Board had already remanded the claim back to the judge once partially to deal with this issue, it would not make sense for the Board to now ignore failings with the opinion if they still existed.

Judge Solomon's calculation of Mr. Fleming's length of coal mine employment is rational, supported by substantial evidence, and in accordance with

applicable law. Employer's argument seeks to relitigate this issue and its request should be denied. This Court should defer to Judge Solomon's credibility determination regarding Mr. Fleming's hearing testimony. Also, on remand, the ALJ provided a complete and thorough review of Mr. Fleming's history as a coal miner and specifically explained his calculations as required by this Court. As such, this Court should reject Employer's arguments and affirm the ALJ's finding that Mr. Fleming had more than fifteen years of qualifying coal mine employment.

Employer also argues that if this Court vacated Judge Solomon's finding as to coal mine employment, then the invocation of the Section 411(c)(4) presumption must also be vacated. 30 U.S.C. §921(c)(4). However, since Judge Solomon's finding of at least fifteen years of coal mine employment was rational, supported by substantial evidence, and in accordance with the law there is no reason to vacate his determination that invocation of the presumption was proper, or that Employer failed to rebut that presumption.

It is important to note that the Administrative Law Judge is empowered to weigh the medical evidence of record and draw his or her own inferences there from. *Twin Pines Coal Co. v. United States Dep't of Labor*, 854 F.2d 1212, 1218 (10th Cir. 1988). The Administrative Law Judge is afforded broad discretion in resolving procedural issues, particularly where the statute and regulations do not

provide specific guidance as to the action that the Judge should take. *Harris v. Old Ben Coal Co.,* 23 B.L.R. 1-98 (2006)(en banc). It is the province of the administrative law judge to assess the evidence of record and determine if a medical opinion is sufficiently documented and reasoned to satisfy Mr. Fleming's burden of proof. *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 21 BLR 2-323 (4th Cir. 1998); *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 21 BLR 2-269 (4th Cir. 1997). The Board will not interfere with credibility determinations unless they are inherently incredible or patently unreasonable. *Tackett v. Cargo Mining Co.*, 12 BLR 1-11, 1-14 (1988); *Calfee v. Director, OWCP*, 8 BLR 1-7 (1985).

In this case, Judge Solomon properly considered the medical opinions offered by Employer. Employer's argument boils down to a mere request for this Court to reweigh the evidence and reach a different conclusion than the administrative law judge. However, this Court should find Judge Solomon's weighing of the medical opinions of Drs. Fino and Jarboe rational, supported by substantial evidence, and in accordance with applicable law. Therefore, this Court should affirm her decision to afford reduced weight to Employer's physician opinions.

The Administrative Procedure Act "does not impose a 'duty of long-windedness' on an ALJ. . .To the contrary, '[i]f a reviewing court can discern what the ALJ did and why [s]he did it, the duty of explanation [under the APA] is

23

satisfied." *Harman Min. Co. v. Director, OWCP [Looney]*, 678 F.3d 305, 316 (4th Cir. 2012) (*citing Lane Hollow Coal Co. v. Director, OWCP*, 137 F.3d 799, 803 (4th Cir. 1998) and *Piney Mountain Coal Co. v. Mays*, 176 F.3d 762 at n. 10 (4th Cir. 1999)). Here, the ALJ fully considered all of the medical evidence provided when determining if the presence of pneumoconiosis and total disability had been established. The Administrative Law Judge is empowered to weigh the medical evidence of record and to draw his or her own inferences there from. *Twin Pines Coal Co. v. United States Dep't of Labor*, 854 F.2d 1212, 1218 (10th Cir. 1988).

Furthermore, the Administrative Law Judge is not bound to accept the medical opinion of any physician. *White v. Newport News Shipbuilding & Dry Dock Co.* 633 F.3d 1070, 1075 (4th Cir. 1980). A "documented" opinion is one that sets for the clinical findings, observations, facts, and other data upon which the physician based his or her diagnosis. *See Fields v. Island Creek Coal Co.*, 10 B.L.R. 1-19 (1987). A "reasoned" opinion is an opinion which the Administrative Law Judge finds the physician's conclusions to be supported by documentation and other data. *Id.* Here, it was fully within Judge Solomon's discretion to determine the medical opinions lacked sufficient reasoning to be given as much weight as the x-ray evidence if he was able to fully explain why he was doing so and the reasons were rational and in accordance with the law.

24

Ultimately, the ALJ's weighing of the medical opinions is supported by substantial evidence; the ALJ did fully consider all the medical opinions along with the CT scan evidence, the biopsy evidence, and the x-ray interpretation evidence. Acting entirely within his discretion, the judge made credibility determinations and found Mr. Fleming demonstrated he suffered from pneumoconiosis through the x-ray evidence. Substantial evidence supports the ALJ's credibility determinations and this Court must reject Employer's request to reweigh the evidence in this case.

Here, Employer may disagree with the ALJ's reasons and findings that the physicians offered medical opinions which were undocumented and not well reasoned. However, Employer has failed to show that the ALJ erred in his findings or show that the findings were impermissible. Even if this Court might have weighed the evidence differently than the ALJ, this Court should nevertheless defer to the factual findings of the administrative law judge, as his Decision and Order is rational, supported by substantial evidence, and in accordance with applicable law. *See Harman Mining Company v. Dir., OWCP,* 678 F.3d 305, 316 (4th Cir. 2012).

The ALJ properly found the evidence was sufficient to prove that Mr. Fleming did suffer from coal workers' pneumoconiosis and that his totally disabling respiratory impairment was caused by the disease. The administrative

25

law judge's *Decision and Order Awarding Benefits* was rational, supported by substantial evidence, and in accordance with applicable law. As such, Mr. Fleming respectfully requests this Court to *affirm* the ALJ's decision.

## VII.    <u>CONCLUSION</u>

Based on the foregoing, Joseph Fleming respectfully requests this Court *affirm* the ALJ's determination that this claim is entitled to an award of Federal black lung benefits.

Respectfully submitted,

JOSEPH FLEMING
By Counsel


WOLFE WILLIAMS & REYNOLDS
470 Park Avenue
Norton, Virginia 24273
(276) 679-0777
(276) 679-5919 (fax)

By:   /s/ Joseph E. Wolfe
Joseph E. Wolfe
VA State Bar No. 15316

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

**No. 15-3999    Caption: <u>Aberry Coal Inc., et al., v. Joseph Fleming & Director, OWCP</u>**

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)

Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ x ]    this brief contains __5,593__ *[state number of]* words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]    this brief uses a monospaced typeface and contains_____*[state number of]* lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ x ]    this brief has been prepared in a proportionally spaced typeface using __Microsoft Word 2007__ *[identify word processing program]* in __14 font, Times New Roman__ *[identify font size and type style]*; **or**

   [ ]    this brief has been prepared in a monospaced typeface using _____*[identify word processing program]* in _____*[identify font size and type style]*.

__(s) Joseph E. Wolfe__

Attorney for __Joseph Fleming__

Dated: __March 25, 2016__

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2016 I filed electronically with the Clerk's Office of the United States Court of Appeals of the Sixth Circuit, this Brief of the Respondent using the CM/ECF system. I also certify that I have served electronically via CM/ECF or mailed postage prepaid, first-class a copy of this Response Brief of Joseph Fleming, to:

Ms. Deborah S. Hunt, Clerk
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, OH 45202-3988

John R. Sigmond, Esq.
Nathaniel Dale Moore, Esq.
PENN STUART & ESKRIDGE
PO Box 2009
Bristol, VA 24203

Gary K. Stearman, Esq.
Barry H. Joyner, Esq.
U.S. Department of Labor - Office of the Solicitor
Frances Perkins Building
200 Constitution Avenue, N.W., Suite N-2119
Washington, D.C. 20210
blls-sol.gov
blls-sol@dol.gov, Stearman.gary@dol.gov

/s/ Joseph E. Wolfe
Joseph E. Wolfe
VA State Bar No. 15316